IN THE CIRCUIT COURT OF CAMDEN COUNTY, MISSOURI

| | |
|---|---|
| VINCENT E. FOSCATO, on behalf of himself and as next friend of his minor son, VOSS G. FOSCATO; and DANIELLE P. FOSCATO;<br><br>    Plaintiffs,<br><br>v.<br><br>CHAPARRAL BOATS, INC.<br>300 Industrial Park Blvd.,<br>Nashville, GA 31639<br>**Hold for Service**;<br><br>PREMIER 54 BOAT SALES, LLC<br>4370 Osage Beach Parkway<br>Osage Beach, MO 65065;<br>**Hold for Service**;<br><br>and<br><br>GREGORY S. LAJUENE<br>2202 Creek Crossing Dr.,<br>Corinth, TX 76210<br>**Hold for Service**;<br><br>    Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

### PETITION FOR DAMAGES

COMES NOW Plaintiffs Vincent E. Foscato, on behalf of himself and as next friend of his minor son, Voss G. Foscato, and Danielle P. Foscato, and for their petition for damages against Chaparral Boats, Inc. ("Chaparral"), Premier 54 Boat Sales, LLC ("Premier 54"), and Gregory S. Lajeune state as follows:

EXHIBIT A

1

## INTRODUCTION

1. This is an action for personal injuries sustained as a result of a boating accident in the Lake of the Ozarks (the "Lake").

2. Specifically, on June 25, 2021, Defendant Lajuene operated a boat designed and manufactured by defendant Chaparral upon which Plaintiffs were passengers. While operating the boat, Lajuene negligently caused the underside of the boat to strike a bridge pillar.

3. Under normal circumstances this collision would not have resulted in severe injuries to Plaintiffs. But the Chapparal boat was defectively designed and/or manufactured such that the collision to the underside of the boat caused the boat's retractable hard top (which weighed several hundred pounds) to completely detach from the support columns, which then struck Plaintiff Vincent Foscato and his nine-month-old son, Plaintiff Voss Foscato, in their heads. As a result of the collision and the product defect, all Plaintiffs were injured, including Plaintiff Voss Fosacto, who suffered a severe traumatic head injury that has resulted in severe and permanent injury.

4. Plaintiffs now seek to recover all fair and reasonable damages afforded by law for their significant injuries resulting from Defendants' tortious conduct.

## THE PARTIES

5. Plaintiff Vincent and Danielle Foscato are husband and wife, and at all relevant times, were domiciled in Colgate, Wisconsin. Plaintiff Vincent and Danielle Foscato are the parents of Plaintiff Voss Foscato, an infant, who, at the time of the accident was nine months old. The parental relationship between Plaintiff Vincent and Danielle Foscato, and Plaintiff Voss Foscato was formed and sustained exclusively in Wisconsin.

6. Defendant Chaparral is an Alabama corporation headquartered in Nashville, Georgia.

7. Defendant Premier 54 is a Missouri, LLC headquartered in Osage Beach, Missouri.

8. Defendant Lajuene is an individual domiciled in Corinth, Texas.

## JURISDICTION AND VENUE

9. This Court has personal jurisdiction over all parties, because, among other things, Defendants Chaparral and Premiere 54 sold the boat in Missouri, and the accident at issue occurred in Missouri.

10. Venue is appropriate in this Court because Plaintiffs' injuries first occurred in Camden County, Missouri.

## GENERAL FACTUAL ALLEGATIONS

11. In 2018, Defendant Lajuene purchased a boat manufactured by Defendant Chaparral—a 29-foot day cruiser, model 297 SSX—from Defendant Premier 54 in Camden County, Missouri.

12. At all relevant times, the boat was harbored in Camden County in the Lake. At all relevant times, Defendant Lajuene meticulously maintained the boat, exercising due care in the maintenance and storage of the boat.

13. The boat when purchased had a defective design and/or manufacturing defect. Specifically, the boat was equipped with an electric retractable hard top tower which consisted of a metal and fiberglass hard top that was affixed to two metal columns with an automation mechanism that allowed the hard top to raise and lower. The hard top was heavy, weighing several hundred pounds. The support columns, however, were not designed and/or manufactured

to properly support the weight of the hard top, particularly if the boat experienced reasonably anticipated stresses, such as collisions with the underside of the boat. Under these foreseeable stresses, the columns had a tendency to break, sending the hard top hurtling down on any passengers or other people in the vicinity.

14. In June of 2021, Plaintiffs traveled to the Lake for vacation. On June 25, 2021, Plaintiffs were on the boat with Defendant Lajuene and five other passengers. Defendant Lajuene was the exclusive operator of the boat.

15. At approximately 4:35 p.m., the boat was travelling west (upstream) in the Big Niangua arm of the Lake. As the boat approached the Big Niangua Bridge at the two-mile mark of the Big Niangua arm, Defendant Lajuene failed to keep a proper lookout and drifted too close to a pillar of the bridge. Defendant Lajuene attempted to avoid hitting the pillar by veering left, but overcorrected, causing the back underside of the boat to swing around and hit the pillar.

16. No part of the hard top tower, including the hard top and the support columns, hit the pillar. But because of the boat's design and/or manufacturing defect, the excessive weight of the hard top in relation to the support columns caused both metal columns to break.

17. As a result, the hard top dislodged, fell, and struck Plaintiffs. Plaintiffs Vincent and Voss Foscato were both struck in the head. While all Plaintiffs sustained significant injury, Plaintiff Voss Foscato suffered a severe traumatic brain injury, resulting in permanent disability.

18. While Defendant Lajuene was negligent in colliding with the pillar, such negligence and the nature and extent of the collision were reasonably foreseeable events and uses of the boat, and the retractable hard top should and could have been designed and/or manufactured to withstand such a stress without breaking.

# CLAIMS FOR RELIEF

## Count I—Strict Products Liability: Defective Design and/or Manufacturer Against Defendants Chaparral and Premier 54

19. Plaintiffs incorporate the above paragraphs as if fully restated herein.

20. Defendants Chaparral and Premier 54 manufactured and/or sold the boat in the course of their business.

21. The boat was in a defective condition unreasonably dangerous when put to a reasonably anticipated use. The defect included, but was not limited to, a retractable hard top tower with support columns that were not capable of supporting the hard top when the boat underwent reasonably foreseeable stresses.

22. The boat was used in a manner reasonably anticipated. The nature of the accident and the type of collision that occurred were reasonably foreseeable.

23. Plaintiffs sustained enhanced and/or separate injuries from the accident as a direct and proximate result of the defect.

## Count II—Strict Products Liability: Failure to Warn Against Defendants Chaparral and Premier 54

24. Plaintiffs incorporate the above paragraphs as if fully restated herein.

25. Defendants Chaparral and Premier 54 sold the boat in the course of their business.

26. The product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics. The defect included, but was not limited to, a retractable hard top tower with support columns that were not capable of supporting the hard top when the boat underwent reasonably foreseeable stresses.

27. Defendants Chaparral and Premier 54 did not give adequate warning of the danger.

28. The product was used in a manner reasonably anticipated. The nature of the accident and the type of collision that occurred were reasonably foreseeable.

29. Plaintiffs sustained enhanced and/or separate injuries from the accident as a direct and proximate result of the product being sold without an adequate warning.

### Count III—Negligent Manufacture, Design, and Failure to Warn Against Defendant Chaparral

30. Plaintiffs incorporate the above paragraphs as if fully restated herein.

31. Defendant Chaparral designed and manufactured the boat.

32. The boat was defective. The defect included, but was not limited to, a retractable hard top tower with support columns that were not capable of supporting the hard top when the boat underwent reasonably foreseeable stresses.

33. Defendant Chaparral failed to use ordinary care to manufacture and design the product to be reasonably safe and failed to adequately warn of the defect.

34. As a direct result of these defects, Plaintiffs sustained enhanced and/or separate injuries.

### Count IV—Negligence Against Defendant Lajuene

35. Plaintiffs incorporate the above paragraphs as if fully restated herein.

36. Defendant Lajuene failed to properly operate the boat by, among other things, failing to pay attention, failing to keep a proper lookout, and operating the boat too close to the bridge pillar.

37. Defendant Lajuene was thereby negligent.

38. Such negligence either directly caused damage to Plaintiffs or combined with the product defect described above to directly cause damage to Plaintiffs.

## Count V—Infliction of Emotional Distress Against All Defendants

39. Plaintiffs incorporate the above paragraphs as if fully restated herein.

40. All Plaintiffs seek emotional distress in this action for their own injuries.

41. Additionally and separately, however, Plaintiffs Vincent and Danielle Foscato seek damages for emotional distress caused not only by their own injuries, but by the catastrophic injury suffered by their infant son, Plaintiff Voss Foscato. The allegations in this count relate to this aspect of their emotional distress claims.

42. The negligent acts and product defects described above involved an unreasonable risk of causing emotional distress, and Defendants should have realized that risk.

43. Plaintiffs Vincent and Danielle Foscato were in the zone of danger caused by Defendants' tortious acts, i.e., they were placed in reasonable fear of physical injury to their own persons. Indeed, as described above, they sustained physical injury as a result of the tortious conduct described above.

44. As a result of Defendants' tortious conduct, in addition to the emotional distress caused by their own injuries, Plaintiffs Vincent and Danielle Foscato sustained significant emotional distress from the catastrophic injuries suffered by their son, Plaintiff Voss Foscato.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment in their favor awarding them fair and reasonable damages to be proven at trial, including, but not limited to:

(a) Past and future economic damages, including losss of past and future income;

(b) Past and future medical expenses;

(c) Past and future non-economic damages, including damages for:

    (i) Pain and suffering;

(ii) Emotional distress and mental anguish;

(iii) Loss of enjoyment of life;

(iv) Loss of parental consortium (recoverable under Wisconsin law); and

(v) All other non-economic injuries resulting from Defendants' wrongful conduct;

(d) Plaintiffs' reasonable attorneys' fees and costs; and

(e) Any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all claims so triable.

Dated: September 3, 2021

Respectfully Submitted,

/s/ Richard M. Elias
Richard M. Elias, #53820
ELIAS LLC
231 S. Bemiston, Suite 800
St. Louis, MO 63105
P: 314-391-6820
relias@eliasllc.com

*Attorneys for Plaintiffs*