IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

VINCENT E. FOSCATO, *et al.*,

    Plaintiffs,

v.

CHAPARRAL BOATS, INC., *et al.*,

    Defendants.

Case No. 2:21-cv-4240-NKL

**JOINT PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN**

Per the Court's Order dated December 22, 2021 (ECF No. 4), the parties respectfully submit their joint proposed scheduling plan.

**A.**     **Discovery Plan (Fed. R. Civ. P. 26(f)(3))**

    **1.**     **Rule 26(a)**

The parties do not propose any changes to the timing, form, or requirement for disclosure under Rule 26(a). Plaintiffs made their initial disclosures on January 3, 2022. Defendant Chaparral made its initial disclosures on January 5, 2022; and Defendant LaJuene made his initial disclosures on January 6, 2022. Plaintiff states that with respect to Defendant Chaparral's disclosures relating to Rule 26(a)(1)(iv) (insurance agreements), Defendant Chaparral has not yet disclosed all applicable policies, but has assured Plaintiff that it is working to secure all applicable policies and will promptly supplement its disclosure.

    **2.**     **Subjects of Discovery**

Plaintiffs anticipate needing discovery on (1) the design and manufacture of the boat at issue, including the hard top tower; (2) the failure and stress testing performed in designing the

hard top tower at issue, if any; (3) other claims, suits, or reported incidents regarding failure of the hard top tower at issue or similar hard top towers designed, manufactured, or sold by Defendant Chaparral or any component part maker; (4) Defendants' investigation into the accident and the cause of the failure; (5) the boat and hard top tower at issue, including destructive testing of some of the materials in the hard top tower; (6) the facts surrounding the accident, including testimony from eyewitnesses; and (7) the treatment, diagnoses, and prognosis of Plaintiffs' injuries.

Defendants anticipate needing discovery regarding 1) the proper design and engineering of the subject boat and hard top; 2) compliance with industry standards and state of the art; 3) Navigation Rules of the Road; 4) the treatment, diagnoses, and prognosis of Plaintiffs' injuries; and the facts and circumstances of the accident at issue in this case.

The parties do not believe discovery should be conducted in phases or limited to or focused on particular issues.

**3.      Electronic Discovery**

The parties have not yet reached agreement related to electronic discovery but will continue to meet and confer as necessary and come to any necessary agreements related to electronic discovery.  Once Defendant Extreme Towers Products appears, Plaintiffs intend to have an electronic discovery conference to identify relevant custodial and non-custodial files, and come to agreement on, among other things, search terms to be run in custodial files to identify relevant documents. The parties do not anticipate the need for Court intervention on electronic discovery issues but will involve the Court as necessary and proper if they are unable to reach agreement on these issues.

### 4. Privilege and Work Product Immunity

The parties agree to abide by Fed. R. Evid. 502(a)-(c) with respect to disclosure of material that is potentially privileged or immune under the work product doctrine.

### 5. Presumptive Discovery Limits

The parties agree that the presumptive limits regarding interrogatories and depositions should apply. The parties reserve their rights to seek leave to exceed these limitations if, during the course of discovery, it appears that such additional discovery is needed.

### 6. Discovery Completed to Date

Plaintiffs served Defendant Chaparral with their first set of interrogatories and requests for production. Chaparral responded to this discovery. Defendant Chaparral served Plaintiffs with its first set of interrogatories and requests for production, and Plaintiffs served responses to that discovery. Defendant LaJuene served Plaintiffs with his first set of interrogatories and requests for production, and Plaintiffs' responses are due January 23, 2022.

### 7. Other Matters

Service By Electronic Mail. The parties agree that each party may serve other parties with pleadings, discovery, and other documents required to be served by email to counsel of record.

Protective Order Regarding Confidential Information. Defendant Chaparral has proposed to Plaintiffs a stipulated protective order regarding confidential information. Plaintiff does not object in principle to the entry of the order but does have an issue with a proposed provision that requires that a party wishing to file a document designated as confidential to first seek leave of court to file the document under seal. In the experience of Plaintiffs' counsel, these provisions are increasingly disfavored in federal courts given the presumptive right of access the public has to court records, and they impose an undue burden on the parties in attempting to file discovery

and dispositive motions. It is Defendant Chaparral's position that it has confidential information regarding its manufacturing processes that it does not wish to be public, and there is little to no burden to Plaintiffs protecting such documents. Plaintiff and Defendant Chaparral requests the Court's guidance and preference on this issue before submitting a stipulated protective order to the Court.

**B.** **Proposed Schedule**

The parties seek to extend the presumptive 180-day (six month) discovery period to approximately 330 days (eleven months). The reason being is that Plaintiffs have just amended their complaint to add as a defendant Xtreme Marine Corporation, d/b/a Xtreme Towers Products ("Xtreme"), one of the designers and manufacturers of the hard top tower that was incorporated into the boat at issue. Plaintiffs promptly served Defendant Xtreme, but even so, Defendant Xtreme will likely not appear until February. Plaintiff will need substantial discovery from Defendant Xtreme, and the in-depth testing of the boat and hard top tower that the parties anticipates will occur—some of which will likely be destructive in nature—cannot occur until Defendant Xtreme is present. Therefore, a slight extension of the presumptive discovery period is warranted.

The parties propose the following schedule:

1. Deadline to Join Parties/Amend Pleadings**:** April 1, 2022

2. Deadline to Disclose Experts:  The Parties do not agree on the timeline for expert disclosures, and their respective positions follow:

    Plaintiffs Propose simultaneous expert disclosures as follows:

    a. On or before August 1, 2022, the parties will disclose any expert witnesses they intend to call at trial.

    b. On or before October 1, 2022, the parties will designate any experts they intend to call at trial solely to rebut or contradict evidence on the same

4

> subject matter identified by any expert disclosed pursuant to subsection (a) above.
>
> c. On or before November 15, 2022, all depositions of experts will be completed.

Defendants' proposal which tracks the Court's Scheduling Order is as follows:

> a. On or August 1, 2022, Plaintiffs will designate any expert witnesses they intend to call at trial. This includes any person who may present evidence under Rules 702, 703, or 705 of the Federal Rules of Civil Procedure.
>
> b. On or before October 1, 2022, Defendants will designate any expert witnesses they intend to call at trial. This includes any person who may present evidence under Rules 702, 703, or 705 of the Federal Rules of Civil Procedure.
>
> c. On or before November 15, 2022, all depositions of expert witnesses will be completed.

3. <u>Discovery Deadline:</u> December 1, 2022

4. <u>Deadline for Dispositive Motions and *Daubert* Motions:</u> December 15, 2022.

5. <u>Proposed Trial Date</u>**:** April 3, 2023. The parties anticipate that the trial will take five to eight trial days.

Dated: January 12, 2022

Respectfully Submitted,

ELIAS LLC

<u>s/ Richard M. Elias</u>
Richard M. Elias, Pro Hac Vice
231 S. Bemiston, Suite 800
St. Louis, MO 63105
P: 314-391-6820
relias@eliasllc.com

NIEMEYER, GREBEL & KRUSE
Mark R. Niemeyer
211 N. Broadway, Suite 2950
St. Louis, MO 63102
314-241-1919
314-665-3017
niemeyer@ngklawfirm.com

*Attorneys for Plaintiffs*


BROWN & JAMES, P.C.

*/s/ Bradley R. Hansmann*
Bradley R. Hansmann #53160
800 Market Street, Suite 1100
St. Louis, MO  63101-2501
(314) 421-3400
(314) 421-3128 - FAX
bhansmann@bjpc.com
dhunkins@bjpc.com

*Attorneys for Defendant Chaparral Boats, Inc.*


GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, P.C.

*/s/ Stephen J. Moore*
Stephen J. Moore #58100
222 S. Central Ave, Suite 1110
St. Louis, MO 63105
(314) 725-0525
(314) 725-7150 (Fax)
smoore@gallowaylawfirm.com

*Attorneys for Defendant Gregory Lajuene*




27113077.1