IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| VINCENT FOSCATO, et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 2:21-cv-04240-MDH |
| | ) | |
| CHAPARRAL BOATS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion To Exclude Opinions of Defendant Chaparral's purported experts Taylor, Van EE, and Eby. (Doc. 141). Plaintiffs move to exclude these experts who work for Design Research Engineering ("DRE") and authored a joint report in this case. One of the opinions contained in the report is that Plaintiffs were not struck on their heads by the hardtop tower that collapsed and that according to the law of physics must have been thrown overboard prior to the hardtop landing where they were sitting. Plaintiffs argue this opinion is contrary to the eyewitness testimony and is devoid of reliable facts, reliable methodology, or reliable application of the facts to any such methodology. In addition, Plaintiffs argue the DRE Report proffers a purely legal opinion regarding whether Chaparral had a duty to design and manufacture a crashworthy hardtop tower. Plaintiffs move to exclude these opinions. The motion is now ripe for review.

## STANDARD

Under Rule 702, trial courts serve as gatekeepers, "making a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Glastetter v.*

1

*Novartis Pharms. Corp.*, 252 F.3d 986, 988 (8th Cir. 2001) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93 (1993)). District courts have considerable discretion in ruling on the admissibility of expert testimony and must separate expert opinion evidence "based on 'good grounds' from subjective speculation that masquerades as scientific knowledge." *Id.* at 989.

An expert witness must (1) be qualified by virtue of their specialized "knowledge, skill, experience, training, or education," (2) provide relevant testimony, in that it "assists the trier of fact to understand the evidence or to determine a fact in issue," and (3) provide reliable testimony, in that it is based on trustworthy evidence. FED. R. CIV. P. 702; *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). The proponent of the expert testimony bears the burden of establishing that each of these criteria is met by proving the admissibility of the evidence by a preponderance of the evidence. *Lauzon*, 270 F.3d, at 686.

## DISCUSSION

To begin, all rulings by this Court on *Daubert* motions are preliminary in nature. The Court's rulings are subject to change based on the evidence and testimony presented during trial.

This lawsuit arises out of a boating accident where a hardtop tower on a Chaparral boat allegedly failed during a collision with a bridge tower at the Lake of the Ozarks. Plaintiffs Vincent and Voss Foscato allege they were struck on the head by the hardtop tower causing severe injuries. There were nine passengers on the boat at the time of the accident. The DRE Report was co-authored by three individuals, Taylor, Van Ee and Eby. The report does not distinguish the various opinions amongst the different authors. Plaintiffs challenge the DRE Report's opinion regarding whether Plaintiffs were struck by the hardtop tower when it collapsed and fell, including the trajectory of the other passengers who were ejected from the boat and how the injuries were

2

sustained. Plaintiffs also challenge the opinion of whether Chaparral had a duty to design for foreseeable misuses, including a design that ensures that the boat structure can reasonably withstand foreseeable crashes.

### 1. The DRE Report's Conclusions about the Trajectory of the Passengers, including Vincent and Voss.

First, Plaintiffs argue the DRE experts did not, and cannot, do a scientifically reliable reconstruction of the accident. Plaintiffs argue that despite DRE having done past sophisticated accident reconstruction, with accepted reconstruction technology, in this case DRE was unable to do so. Plaintiffs do not challenge the DRE experts' qualifications. Rather, they argue the report fails to provide an adequate basis for the opinion.

The parties briefing reflects a clear disagreement about how the accident occurred. The parties disagree about the impact of the boat with the bridge pillar, the speed of the boat, how the passengers were affected by the impact, and other specifics of the accident. These disputes, including the specifics of how the boat came into contact with the bridge pillar, present factual disputes that the jury will determine based on the evidence presented. Plaintiffs' arguments regarding DRE's attempted reconstruction, and any outcomes of those attempts, are issues appropriate for cross-examination. Further, Plaintiffs' arguments that the DRE Report's opinions are based on unreliable facts, or are contrary to the testimony of eyewitnesses, can also be addressed in cross-examination.

Ultimately, the jury will determine, based on the evidence, the issues of the boat's impact with the bridge pillar and its significance to Plaintiffs' injuries. The disputed issues regarding the speed of the accident, the path of the boat before impact, where the occupants were located after impact will all be evidence presented to the jury by the parties.

3

DRE's reliance and opinions based upon the evidence and what they relied upon to formulate and reach their opinions can be challenged through cross-examination and Plaintiffs' own expert testimony. The Court finds no basis to exclude this testimony or opinion based on a *Daubert* challenge at this time. The motion to exclude this opinion is **DENIED.**

**2. The DRE Opinion Regarding "Crashworthiness."**

Plaintiffs argue the DRE Report makes multiple claims that the only design duties of Chaparral and Xtreme were to make a tower for the "expected loads due to typical use," which include supporting a skier and vibrations during use. The DRE Report further states there is no obligation to make the product crashworthy because there are no regulatory mandates.

Plaintiffs contend these opinions are contrary to the law. Plaintiffs argue the issue of a boat manufacturer's duty to design a crashworthy vessel able to withstand foreseeable misuses is an issue of law, and the DRE experts should not be allowed to opine on a legal issue. Plaintiffs do not challenge that an expert can offer opinions on crashworthiness. Rather, Plaintiffs argue the DRE Report makes generalized statements that a boat manufacturer has no legal obligation to make a boat crashworthy and that should be excluded.

Defendant argues crashworthiness was only addressed by DRE because Plaintiffs' own experts extensively discuss and opine on the crashworthiness of the subject boat and tower in their reports and testimony. Further, Defendant contends crashworthiness is an area of expertise upon which DRE's expert may testify. Eby expounded in great detail in his deposition about crashworthiness, and how crashworthiness affects Plaintiffs' own experts' opinions. For example, having a stiffer connection between the tower and the base actually makes a boat less crashworthy.

Here, the Court agrees the DRE experts cannot testify or render an opinion regarding whether the law imposes a legal duty on Chaparral regarding the hardtop tower. The DRE experts

4

may testify or offer opinions on crashworthiness, but they will not be allowed to testify regarding whether a boat manufacturer does, or does not, have a duty to make their boats crashworthy. To the extent the motion seeks to exclude expert testimony on Defendants' legal duties to make a boat and/or tower crashworthy the motion is **GRANTED**.

## CONCLUSION

Wherefore, for the reasons set forth herein, Plaintiffs' Motion is granted in part and denied in part. Again, any rulings made by the Court are subject to reconsideration based upon the evidence and testimony presented during trial.

**IT IS SO ORDERED.**

DATED: April 20, 2023

                                           */s/ Douglas Harpool*
                                           **DOUGLAS HARPOOL**
                                           **UNITED STATES DISTRICT JUDGE**