# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| VINCENT FOSCATO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:21-cv-04240-MDH |
| ) | |
| CHAPARRAL BOATS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are Defendants' Motions To Exclude Expert Report, Testimony, and Opinions of Joseph Derie. (Docs. 136 and 139). Defendants move to exclude this expert arguing his opinions are speculative and not based on scientific testing, data, or methodology. The motion is now ripe for review.

## STANDARD

Under Rule 702, trial courts serve as gatekeepers, "making a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Glastetter v. Novartis Pharms. Corp.*, 252 F.3d 986, 988 (8th Cir. 2001) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93 (1993)). District courts have considerable discretion in ruling on the admissibility of expert testimony and must separate expert opinion evidence "based on 'good grounds' from subjective speculation that masquerades as scientific knowledge." *Id.* at 989.

An expert witness must (1) be qualified by virtue of their specialized "knowledge, skill, experience, training, or education," (2) provide relevant testimony, in that it "assists the trier of

1

fact to understand the evidence or to determine a fact in issue," and (3) provide reliable testimony, in that it is based on trustworthy evidence. FED. R. CIV. P. 702; *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). The proponent of the expert testimony bears the burden of establishing that each of these criteria is met by proving the admissibility of the evidence by a preponderance of the evidence. *Lauzon*, 270 F.3d, at 686.

## DISCUSSION

To begin, all rulings by this Court on *Daubert* motions are preliminary in nature. The Court's rulings are subject to change based on the evidence and testimony presented during trial.

This lawsuit arises out of a boating accident where a hardtop tower on a Chaparral boat allegedly failed during a collision with a bridge tower at the Lake of the Ozarks. Plaintiffs Vincent and Voss Foscato allege they were struck on the head by the hardtop tower causing severe injuries. Derie's opinions relate to whether the tower was defective in its design, testing, manufacture, and installation.

First, the Court finds Derie is qualified as an expert based on his education and training. Defendants argue Derie's opinions are not scientifically relevant and reliable to warrant admission; constitute conjecture and are based on flawed reasoning; and are not based on his own testing. Defendants argue Derie's opinion is simply based on "it broke so its defective." Defendants contend that based on the fault of the boat driver, Derie's "attempt to downplay that liability" should be excluded.

Plaintiffs state Derie inspected the boat and tower, visited the scene of the accident, reviewed the testimony and documents related to the case, and documented his analysis in his report. Further, the fault of the driver, and whether it is the "sole cause of this accident" (as argued

2

by the Defendant), will a factual issue for the jury. Derie's "attempt to downplay that liability" is an appropriate consideration for the jury to consider.

The parties' briefing reflects a clear disagreement about how the accident occurred. As a result, the jury will receive evidence through eyewitnesses and experts regarding what happened and will make a determination based on the evidence they are presented. The Court will not exclude this expert on the basis that Defendants believe "Greg Lajuene was the cause of the accident." In addition, the Court will not exclude the opinion simply because Defendants believe Derie allegedly used limited data or data that was "incorrect and opposite" of all speed evidence. The parties can submit their evidence regarding the speed of the boat, the eyewitness testimony, and other relevant evidence regarding the accident and the jury will make a determination regarding the "cause of the injuries."

The Court finds Derie has a background sufficient to opine on the structure of the boat and hardtop. If Defendants believe his opinions should be challenged based on whether he tested the subject tower, or knew of any testing on the subject tower, that can be raised during cross examination.

Defendants also argue Plaintiffs should not be allowed to present testimony based on "the 60 warranty claims" that Plaintiffs argue indicate a structural deficiency within the tower and were predictive of a tower collapse. Defendants argue Plaintiffs' expert should not be allowed to rely on, or testify about, the other warranty claims. The warranty claims appear to be used to support Plaintiffs' arguments regarding "fatigue cracks" and whether that contributed to the tower's failure.

At this time, the Court is unable to determine whether any other warranty claims are "similar in nature" or whether they would be admissible as evidence without further information

3

and argument regarding each warranty claim. As a result, the Court reserves ruling on the admissibility of the other warranty claims. The parties should be prepared to argue this issue at the pre-trial conference.

Finally, Defendants argue Derie is not qualified to offer opinions as to the cause of Plaintiffs' injuries. Defendants state Derie does not have a medical degree and therefore cannot offer medical opinions. Plaintiffs counter that Derie's opinions are not based on medical opinions. Rather, Derie's opinions are related to the tower and ultimately whether the tower failed resulting in Plaintiffs' injuries. The Court will not allow Derie to render an opinion based on any medical injuries but it does not appear that he intends to do so. Derie will be allowed to testify regarding his opinions regarding the tower and whether it was defective in its design, testing, manufacture, and installation. Any challenges to his opinions can be handled through cross-examination.

## CONCLUSION

Wherefore, for the reasons set forth herein, Defendants' Motions are granted in part and denied in part. Again, any rulings made by the Court are subject to reconsideration based upon what evidence and testimony is presented during trial.

**IT IS SO ORDERED.**

DATED:	April 20, 2023

                                                      */s/ Douglas Harpool*
                                                    **DOUGLAS HARPOOL**
                                                    **UNITED STATES DISTRICT JUDGE**